UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALISSA MOON and YASMEEN DAVIS, individually and on behalf of all others similarly situated, | Honorable Susan D. Wigenton<br>Honorable Steven C. Mannion |
| Plaintiffs, | CIVIL ACTION NO.:<br>2:15-CV-06297-SDW-SCM |
| v. | |
| BREATHLESS, INC. a/k/a VISION FOOD & SPIRIT d/b/a BREATHLESS MEN'S CLUB, | |
| Defendants. | |

## DEFENDANT'S REPLY MEMORANDUM

GREENBAUM, ROWE, SMITH, & DAVIS LLP
Metro Corporate Campus One
99 Wood Avenue South
Iselin, New Jersey 08830
(732) 549-5600

PERKINS & ASSOCIATES, P.C.
5 Monitor Street, Ground Floor
Jersey City, New Jersey 07304
(201) 942-4470

*Of Counsel:*
    Marc J. Gross, Esq.
    Paul I. Perkins, Esq.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Plaintiffs provide no evidence that Davis ever performed at Breathless. ........................... 1

    II.   The Arbitration Agreement is Valid and Binding. ............................................................. 2

        A.   The opportunity to continue an independent contractor relationship constitutes valid consideration. .................................................................................................................... 2

        B.   The Agreement is Enforceable. ...................................................................................... 3

        C.   The Agreement's arbitration clause is clear and unambiguous. ..................................... 5

CONCLUSION ............................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Alamo Rent A Car, Inc. v. Galarza*
   306 N.J. Super. 384 (App. Div. 1997) ................................................................ 6

*AT&T Mobility LLC v. Concepcion*
   563 U.S. 333 (2011) ............................................................................................ 3

*Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A.*
   168 N.J. 124 (2001) ............................................................................................ 5

*Hogan v. Bergen Brunswig Corp.*
   153 N.J. Super. 37 (App. Div. 1977) .................................................................. 2

*Litman v. Cellco Partnership*
   655 F.3d 225 (3d Cir. 2011) ................................................................................ 3

*Martindale v. Sandvik, Inc.*
   173 N.J. 76 (2002) .............................................................................................. 2

*Muhammad v. County Bank of Rehoboth Beach, Delaware*
   189 N.J. 1 (2006) ................................................................................................ 3

*Quigley v. KPMG Peat Marwick, LLP*
   330 N.J. Super. 252 (App. Div.), *certif. denied,* 165 N.J. 527 (2000) ................ 2

*Stelluti v. Casapenn Enterprises, LLC*
   203 N.J. 286, 301 (2010) .................................................................................... 4

*Twin City Pipe Line Co. v. Harding Glass Co.*
   283 U.S. 353 (1931) ............................................................................................ 4

**PRELIMINARY STATEMENT**

Despite unfounded allegations of poor recordkeeping by Defendant Breathless, Plaintiffs had ample opportunity to present any admissible evidence that Yasmeen Davis ("Davis") performed at Defendant's venue. Indeed, plaintiffs filed a Certification of Alissa Moon ("Moon") on a separate issue, but never demonstrated in any fashion that Davis had any connection whatsoever to Breathless. Accordingly, Davis' claim as an "employee" should be rejected and her Complaint dismissed.

Plaintiffs' remaining arguments are similarly meritless. In fact, they misstate the appropriate standards or attempt to create issues of fact where none exist. Thus, even after their opposition, Moon does not dispute that she executed an agreement to arbitrate as an individual, and the terms of that agreement are unambiguous and enforceable. Under the plain reading of her agreement with Breathless, Moon's complaint should be dismissed in favor of Arbitration.

**ARGUMENT**

I.   **Plaintiffs provide no evidence that Davis ever performed at Breathless.**

Despite the opportunity in their opposition to provide evidence that Davis ever performed at Breathless, Plaintiffs have failed to do so. Instead, they restate the unfounded allegations in their complaint of poor recordkeeping without explaining how poor recordkeeping would prevent Davis – or anyone else – from certifying that she had, in fact, performed at Breathless. Instead, the only citation to Davis in any evidence presented by Plaintiffs is an acknowledgment that Davis was not present on the date the Agreement was signed. *Plaintiffs' Brief, ECF No. 14* at pp. 6-7; *Moon Aff.* at ¶ 9. Accordingly, for the reasons set forth in Defendant's original moving papers, this action, as to Davis, should be dismissed.

## II. The Arbitration Agreement is Valid and Binding.

### A. The opportunity to continue an independent contractor relationship constitutes valid consideration.

Plaintiffs argue that the January 15, 2015 Agreement lacked consideration because it was signed over a year after Moon commenced her relationship as an independent contractor. Despite this argument, it is beyond dispute that Moon's continued opportunity to perform at Breathless constituted consideration. In fact, the elements of consideration are well settled:

> The essential requirement of consideration is a bargained-for exchange of promises or performance that may consist of an act, **a forbearance, or the creation, modification, or destruction of a legal relation.** If the consideration requirement is met, there is no additional requirement of gain or benefit to the promisor, loss or detriment to the promisee, equivalence in the values exchanged, or mutuality of obligation.
>
> Put another way, [a] very slight advantage to one party, or a trifling inconvenience to the other, is a sufficient consideration to support a contract when made by a person of good capacity, who is not at the time under the influence of any fraud, imposition or mistake.
>
> [*Martindale v. Sandvik, Inc.*, 173 N.J. 76, 87-88 (2002) (quotations and citations omitted) (emphasis added).]

As Plaintiffs acknowledge, in New Jersey, continued employment has been found to constitute sufficient consideration to support certain employment-related agreements. *See, e.g., Quigley v. KPMG Peat Marwick, LLP,* 330 N.J. Super. 252, 265 (App. Div.), *certif. denied,* 165 N.J. 527 (2000) (stating that employment can be deemed consideration for employee's submission to employer's demands, including arbitration); *Hogan v. Bergen Brunswig Corp.*, 153 N.J. Super. 37, 43 (App. Div. 1977) (holding that continuation of plaintiff's employment for approximately three years after plaintiff signed letter acknowledging restrictive covenant against

2

post-employment competition constituted sufficient consideration to enforce agreement). *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 88-89 (2002).

Plaintiffs admit that "continued employment…must be substantial in order to qualify as sufficient consideration." *Plaintiffs' Brief, ECF No. 14* at p. 5, but do not provide any legal or factual arguments proving that Moon's continued relationship with Breathless was not "substantial." Indeed, Plaintiffs acknowledge that Moon continued to receive the benefit of performing at Breathless, and that she continued to do so well after the Agreement was signed. *Plaintiffs' Brief, ECF No. 14* at pp. 6-7; *Moon Aff.* at ¶ 9. Clearly, applying Moon's continued performance at Breathless to the settled law of our State, mandates a finding of consideration and a dismissal of Moon's Complaint.

### B.  The Agreement is Enforceable.

Plaintiffs also argue, based on the unproven and self-serving facts listed in Moon's Affirmation, that Moon was coerced into signing an agreement with unconscionable terms and the Agreement should be deemed unenforceable. Unquestionably, neither branch of Plaintiffs' argument is correct. In fact, contrary to plaintiffs' baseless claim, the Third Circuit recently upheld the enforceability of class action waivers, where the Federal Arbitration Act was deemed to pre-empt the common-law defense of unconscionability.

The Third Circuit specifically held that defense of unconscionability in the context of a class arbitration waiver, available in New Jersey after *Muhammad v. County Bank of Rehoboth Beach, Delaware,* 189 N.J. 1 (2006), was preempted by the FAA.  See, *Litman v. Cellco Partnership*, 655 F.3d 225, 228 (3d Cir. 2011), citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). This ruling is consistent with the "liberal federal policy favoring arbitration."

*Ibid.* (citations omitted). Certainly, the holding in <u>Litman</u> alone is sufficient to defeat Plaintiffs' claims of unconscionability.

Furthermore, Plaintiffs' citation of *Stelluti v. Casapenn Enterprises, LLC*, 203 N.J. 286, 301 (2010) is particularly instructive, given that it resulted in the New Jersey Supreme Court validating a contract of adhesion. As a general and long-standing matter, contracting parties are afforded the liberty to bind themselves as they see fit. *See Twin City Pipe Line Co. v. Harding Glass Co.*, 283 U.S. 353, 356 (1931) ("The general rule is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts."). *Stelluti*, 203 N.J. at 302. The *Stelluti* Court held that although a contract of adhesion may require one party to choose either to accept or reject the contract as is, the agreement nevertheless may be enforced. *Id.* at 301. This includes, as it did in *Stelluti*, "take-it-or-leave-it" contracts presented to laypersons without any specialized knowledge about general or exculpatory contracts. *Id.* at 302.

Even taking the facts alleged in Moon's unverified Affirmation at face value, there is no evidence of unconscionability in either the formation of the Agreement or its terms. Though Moon affirms that she had no legal training, she did acknowledge having completed two semesters at Raritan Valley Community College. *Moon Aff., ECF Doc. No. 14-1* at ¶¶ 1-2. Though she claims that the room was crowded, she acknowledges being seated at the counter when reviewing the documents. *Moon Aff., ECF Doc. No. 14-1* at ¶¶ 8(i).

Additionally, despite acknowledging that she had time to review the Agreement, Moon argues that she was never advised "that the paperwork represented an independent contractor agreement...contained language regarding [her] right to a jury trial...contained language regarding [her] right to represent or participate in a class action...[and] never provided an

4

explanation of [individual] arbitration." However, this is plainly contradicted by the terms of the Agreement itself, which informed Moon in capital letters that arbitration "MEANS THAT NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL – DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION." *Kontos Decl., Exhibit A* at ¶ 9 (emphasis in original).

Here, in light of the foregoing, plaintiffs' claims of conscionability are plainly contradicted by both the law and the facts, and even the facts cited by Moon in support of her motion. Accordingly, the Agreement is enforceable and Moon should be compelled to arbitrate.

**C.     The Agreement's arbitration clause is clear and unambiguous.**

Plaintiffs also argue that their claims are beyond the substantive scope of the arbitration clause because they omit any reference to the specific provisions of law they allege Defendant to have violated. Plaintiffs specifically reference *Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A.*, 168 N.J. 124 (2001), claiming that "Defendant cannot honestly argue that a stage rental agreement, absent express language, encompasses FLSA, NJWPL and NJWHL claims." *Plaintiffs' Brief, ECF No. 14* at p. 4.

However, the *Garfinkel* Court "[did] not suggest that a party need refer specifically to the LAD or list every imaginable statute by name to effectuate a knowing and voluntary waiver of rights." *Garfinkel*, 168 N.J. at 135. While the Court did recommend that a waiver provision "should at least provide that the employee agrees to arbitrate all statutory claims arising out of the employment relationship or its termination", the Court further explained that:

> the better course would be the use of language reflecting that the employee, in fact, knows that other options such as federal and state administrative remedies and judicial remedies exist; that the employee also knows by signing the contract, those remedies are forever precluded; and that, regardless of the nature of the

5

employee's complaint, he or she knows that it can only be resolved by arbitration.

[*Ibid.,* citing *Alamo Rent A Car, Inc. v. Galarza,* 306 N.J. Super. 384, 394 (App. Div. 1997).]

Here, the waiver did not, as Plaintiffs argue, relate solely to performance rules, torts, and copyright. Rather, the Agreement also defined the nature and scope of Moon's independent contractor relationship with Breathless, then defined that relationship – including dispute resolution pursuant to that relationship. See, e.g., *Kontos Decl., Exhibit A* at ¶¶ 1, 9. Accordingly, even after plaintiffs' attempts to cast the Agreement as ambiguous, there should be no doubt that its plain meaning is clear and unaumbiguous. As a result, Moon should be compelled to arbitrate and her complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff Davis' Complaint should be dismissed and Moon's complaint should be dismissed in favor of arbitration.

**GREENBAUM, ROWE, SMITH & DAVIS, LLC**
Attorneys for Defendant Breathless, Inc.


By: /s/ Marc J. Gross
      Marc J. Gross

Dated: October 13, 2015