**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALISSA MOON and YASMEEN DAVIS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BREATHLESS, INC. a/k/a VISION FOOD & SPIRITS d/b/a BREATHLESS MEN'S CLUB,<br><br>      Defendant. | Civil Action No. 15-06297(SDW)(LDW)<br><br><br>**OPINION**<br><br><br>November 30, 2015 |

**WIGENTON,** District Judge.

  Plaintiffs Alissa Moon and Yasmeen Davis (collectively "Plaintiffs") commenced this collective and class action against Defendant Breathless, Inc. ("Defendant"), owner and operator of Breathless Men's Club, an adult nightclub in Rahway, New Jersey.  Plaintiffs seek relief from Defendant, individually and on behalf of all others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1, *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, *et seq.*

  Currently before this Court is Defendant's Motion to Dismiss in Favor of Arbitration or, in the Alternative, to Stay this Action Pending Arbitration.  This Court, having considered the parties'

submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's Motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

## I.     FACTUAL BACKGROUND

Plaintiffs Alissa Moon and Yasmeen Davis both claim to be exotic dancers at Defendant Breathless, Inc.'s "Breathless Men's Club" in Rahway, New Jersey. (Compl. ¶ 1.)  According to Plaintiffs' Complaint, Plaintiff Moon "began working at Breathless in May, 2013" and Plaintiff Davis "began working at Breathless in May 2014." (*Id.* ¶¶ 27-28.)  Plaintiffs claim, on behalf of themselves and those similarly situated, that Defendant treated its exotic dancers as independent contractors, rather than as employees, and that Defendant therefore violated the FLSA, the NJWPL, and the NJWHL by failing to pay minimum and overtime wages; unemployment, disability, and social security taxes; as well as "workers' compensation premiums and other mandatory insurance benefits."  (*Id.* ¶ 3.)

In response to Plaintiffs' Complaint, Defendant now moves to dismiss Plaintiff Moon's claims, or in the alternative to stay Plaintiff Moon's claims, based on an agreement to arbitrate and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*  (*See* Def.'s Br. Supp. Mot. Dismiss or Stay ("Def.'s Br. Supp.") 3-8.)  In addition, Defendant moves to dismiss Plaintiff Davis's claims based on this Court's purported lack of subject-matter jurisdiction over Plaintiff Davis's claims. (*Id.* at 9-10.)  The parties' contentions regarding each of the plaintiffs are discussed in further detail below.

### A.  Plaintiff Moon

According to Defendant, Plaintiff Moon's claims are subject to an arbitration clause in an "independent contractor agreement" (the "Agreement") Plaintiff Moon signed on January 5, 2015.[1]  (Def.'s Br. Supp. 1.)  Defendant argues both that Plaintiff Moon waived her right to litigation of any disputes between her and Defendant, and also that Plaintiff Moon agreed only to pursue arbitration on an individual basis.  (*Id*. at 1-2.)  In response, Plaintiff Moon concedes that she signed the Agreement, but argues not only that the Agreement is invalid, but also that her claims do not fall within the scope of the arbitration clause.  (*See* Pls.' Br. Opp'n Def.'s Mot. Dismiss or Stay ("Pls.' Br. Opp'n") 2-9.)  Plaintiff Moon contends that the Agreement is invalid both because it was not supported by consideration and because it is unconscionable.  (*Id*. at 5-9.)  Furthermore, Plaintiff Moon argues that FLSA, NJWPL, and NJWHL claims are beyond the scope of the arbitration clause.  (*Id*. at 3-4.)  Finally, Plaintiff also claims that since the Agreement was signed in January 2015, it should not apply to her claims which she contends "ar[ose] before [the Agreement's] execution."  (*Id*.)  In light of these contentions, Plaintiff Moon maintains that she is entitled to discovery on the arbitrability of her claims.  (*Id*. at 2.)

Therefore, the issues currently before this Court as to Defendant Moon are whether she entered into a valid arbitration agreement with Defendant and, if so, whether her claims are within the scope of that agreement.

### B.  Plaintiff Davis

Defendant claims Plaintiff Davis never performed at Breathless Men's Club, and thus, lacks standing to bring a claim as Defendant's employee.  (Def.'s Br. Supp. 9-10; *see* Kontos Decl.

---

[1] The parties' submissions are unclear as to whether Plaintiff Moon signed the Agreement on January 5, 2015 or January 15, 2015.  This Court refers to the date of the Agreement as January 5, 2015 throughout this Opinion without deciding whether Plaintiff Moon actually signed the agreement on that date.

¶ 5.)  In response, Plaintiff Davis merely argues that the Complaint sufficiently states a claim for relief.  (Pls.' Br. Opp'n 9-10.)  Plaintiff Davis did not submit an affidavit or declaration, and Plaintiff Moon's affidavit simply states that Plaintiff Davis "did not work on January 15, 2015." (Moon Aff. ¶ 11.)

Therefore, the issue currently before this Court as to Plaintiff Davis is whether this Court has subject-matter jurisdiction over Plaintiff Davis's claim under the FLSA.

## II.    LEGAL STANDARD

### A.  *Dismiss or Stay Pending Arbitration*

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 331 (3d Cir. 2014) *cert. denied*, 135 S. Ct. 1530 (2015) (quoting *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002)) (internal quotation marks omitted).  Thus, in considering a party's motion to dismiss and compel arbitration, a court may not grant the motion "unless it is 'satisfied that the making of the agreement for arbitration ... is not in issue.'"  *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980) (quoting 9 U.S.C. § 4 (1970)). Furthermore, in addition to determining whether a "valid agreement to arbitrate exists," a court may not dismiss a complaint in favor of arbitration until it also determines that "the particular dispute falls within the scope of the agreement."  *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citations omitted).

In making these arbitrability determinations, a court first must decide whether arbitrability is "apparent on the face of the complaint." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013).  If the complaint facially establishes arbitrability, the court should apply a Fed. R. Civ. P. 12(b)(6) standard unless "the non-movant [comes] forward with enough

evidence in response to . . . place the question [of arbitrability] in issue." *Id*. at 774.  However, if the complaint does *not* facially establish arbitrability, or if the non-movant submits enough evidence to put the question of arbitrability in issue, "the Rule 12(b)(6) standard [will] no longer [be] appropriate, and the issue should be judged under the Rule 56 standard." *Id*.  Under those circumstances, "a 'restricted inquiry into factual issues' will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant 'must be given the opportunity to conduct limited discovery on . . . '" the issue of arbitrability.  *Id*. (first quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983); then quoting *Deputy v. Lehman Bros., Inc.,* 345 F.3d 494, 511 (7th Cir. 2003)).

### B.  Subject-Matter Jurisdiction

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually.  *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law . . . ." *Id*. at 358.  In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*.  Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id*. at 357-58 (citing *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)).  In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto . . . ." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron,* 678 F.3d at 243).  Whereas in considering a factual

challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348.

In the instance of a challenge to a plaintiff's standing to bring a claim as an "employee" under the FLSA, the court must consider the FLSA's jurisdictional provision, 29 U.S.C. § 216(b):

> Any employer who violates the provisions of . . . this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction *by any one or more employees* for and in behalf of himself or themselves and other employees similarly situated.

(emphasis added); s*ee Li v. Renewable Energy Sols., Inc.*, No. CIV.A. 11-3589 FLW, 2012 WL 589567, at *5 (D.N.J. Feb. 22, 2012) ("Courts have consistently interpreted section 216(b) as a jurisdictional provision.") (first citing *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 791 (2003); then citing *Friedrich v. U.S. Computer Svcs.,* 974 F.2d 409, 410 n.1 (3d Cir. 1992)). Thus, a challenge to a plaintiff's standing to bring a claim as an employee under the FLSA is a challenge to the court's subject-matter jurisdiction over the FLSA claim. *See Li*, 2012 WL 589567, at *5 ("[E]mployee status under the FLSA is a jurisdictional question and . . . the proper procedural method for adjudicating a dismissal motion challenging the plaintiff's status is through Rule 12(b)(1).").

Finally, in opposing a party's motion seeking dismissal for lack of subject-matter jurisdiction, "the party asserting federal jurisdiction . . . has the burden of establishing it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

### III.   DISCUSSION

#### A.  *Plaintiff Moon*[2]

In considering the portion of Defendant's Motion which seeks dismissal or a stay of Plaintiff Moon's claims based on the arbitration clause in the Agreement, this Court must first determine whether a Rule 12(b)(6) or Rule 56 standard is appropriate.  *See Guidotti*, 716 F.3d at 774-75.  To do so, this Court first looks to the Complaint and any documents attached thereto, to determine whether they establish an agreement to arbitrate.  *Id*.  After reviewing those documents and finding no references to the Agreement, this Court has determined that the Complaint and documents attached thereto do *not* establish an agreement to arbitrate. Therefore, applying a Rule 12(b)(6) standard to Plaintiff's Motion would be inappropriate.

Furthermore, because arbitrability is not "apparent on the face of the complaint," this court need not determine the validity and scope of the arbitration agreement at this time.  *Guidotti*, 716 F.3d at 774.  Rather, this court will deny Defendant's Motion as to Plaintiff Moon without prejudice and allow Plaintiff Moon to conduct limited discovery on the narrow issues concerning the validity and scope of the arbitration agreement.

#### B.  *Plaintiff Davis*

Defendant's claim that Plaintiff Davis never performed at Breathless Men's Club is a challenge not to the facial sufficiency of Plaintiff Davis's pleadings, but rather, is a factual challenge to this Court's subject-matter jurisdiction over Plaintiff Davis's FLSA claim.[3]   *See*

---

[2] This Court has jurisdiction over Plaintiff Moon's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 216(b), and 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

[3] This Court considers Defendant's arguments regarding Plaintiff Davis's claims to be a challenge, under Federal Rule of Civil Procedure 12(b)(1), to this Court's subject-matter jurisdiction.  *See Constitution Party of Pennsylvania*, 757 F.3d at 357 ("A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.") (quoting *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007) (internal quotation marks omitted); *Li*, 2012 WL 589567, at *5 ("[E]mployee

*Constitution Party of Pennsylvania*, 757 F.3d at 357.  Therefore, in considering Defendant's Motion as to Plaintiff Davis, this Court "may look beyond the pleadings to ascertain the facts."  *Id.* at 358.

In addition to its Motion, Defendant has submitted a declaration from Christofis Kontos, who "manage[s] the day to day operation of Breathless, Inc." (Kontos Decl. ¶ 1.)  In his declaration, Kontos states "[w]e have no records indicating that Yasmeen Davis performed for Breathless, Inc." (*Id.* ¶ 5.)  This declaration supports Defendant's claim in its Motion that "Davis did not perform at Breathless."  (Def.'s Br. Supp. 10).  Plaintiff Davis, in contrast, has not submitted an affidavit or declaration opposing these claims.  Furthermore, Plaintiff Moon's affidavit simply states that Plaintiff Davis "did not work on January 15, 2015."  (Moon Aff. ¶ 9.)

In considering these submissions, this Court must determine whether Plaintiff Davis has met her burden to establish this Court's subject-matter jurisdiction over Plaintiff Davis's FLSA claim.  *DaimlerChrysler Corp.*, 547 U.S. 332, 342 n.3 (2006).  In order for this Court to exercise jurisdiction over Plaintiff Davis's FLSA claim, Plaintiff Davis must have standing to assert her FLSA claim as Defendant's employee.  *See* 29 U.S.C. § 216(b).  Yet even under the FLSA's broad definition of an employee as "any individual employed by an employer," Plaintiff Davis has not met her burden.  *See* 29 U.S.C. § 203(e)(1).  Defendant's submissions have challenged whether Plaintiff Davis ever performed at Breathless Men's Club and Plaintiff Davis failed to adequately dispute Defendant's claim.  Consequently, this Court must dismiss Plaintiff Davis's FLSA claim for lack of subject-matter jurisdiction.  In addition, having dismissed Plaintiff Davis's sole federal claim, this Court will dismiss her remaining state law claims under the NJWPL and the NJWHL pursuant to 28 U.S.C. § 1367(c)(3).

---

status under the FLSA is a jurisdictional question and . . . the proper procedural method for adjudicating a dismissal motion challenging the plaintiff's status is through Rule 12(b)(1).")

8

**IV.    CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss in Favor of Arbitration or, in the Alternative, to Stay this Action Pending Arbitration is **GRANTED** in part and **DENIED** in part.  Specifically, the Motion is **GRANTED** as to Plaintiff Davis's claims and, therefore, Plaintiff Davis's claims are **DISMISSED**.  The Motion is **DENIED WITHOUT PREJUDICE** as to Plaintiff Moon's claims and the parties are to engage in limited discovery on the issue of arbitrability.  An appropriate order follows.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
             Parties